UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
PATORA B. MODEST,

                              Plaintiff,          MEMORANDUM &
                                                     ORDER
      -against-

                                                       09 CV 44 (SJ) (JMA)
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.
----------------------------------------------------X
**JOHNSON, Senior District Judge:**

BACKGROUND

     Plaintiff Patora Modest ("Plaintiff" or "Modest") filed an application for disability insurance benefits on January 26, 1998. In the ensuing 11 years, she appeared before Administrative Law Judge ("ALJ") Manuel Cofresi for a series of hearings, culminating first in the denial of her application. The Appeals Council then denied Plaintiff's request for review. Thereafter, she filed an action in this Court, styled <u>Modest v. Barnhart</u>, 02CV5018, which this Court subsequently remanded for further development of the record. A second wave of hearings took place before ALJ Cofresi and on February 7, 2007, he again determined that Plaintiff is not disabled (the "ALJ's Decision"). (Tr. at 558-581.) The Appeals Council denied her request for review and on January 7, 2009, she filed the instant action.

The facts and circumstances surrounding Plaintiff's claim are set forth in greater detail in the ALJ's Decision. On account of both the voluminousity of the record and the lack of dispute as to its contents, familiarity therewith is assumed. Briefly, Plaintiff was involved in a motor vehicle accident on December 20, 1996 and suffered injuries to her neck and back. According to her testimony, over the course of her treatment for these conditions, her overall condition declined, and her initial injuries were compounded by knee pain, depression, fibromyalgia, and thyroid, estrogen and gynecological problems. Plaintiff testified that she is consequently unable to work.

The ALJ considered evidence from at least 10 physicians, including three identified by Plaintiff as her treating physicians. The ALJ also heard testimony of two vocational experts who concluded that Plaintiff is nevertheless capable of performing sedentary work and is therefore not disabled.

## DISCUSSION

*Scope of Review*

Judicial review of disability insurance benefit determinations is governed by 42 U.S.C. § 1383(c)(3) (1996), which expressly incorporates the standards established by 42 U.S.C. § 405(g)(1996). In relevant part, § 405(g) provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by

substantial evidence, shall be conclusive[.]" Thus, if the Commissioner's decision is supported by "substantial evidence" and there are no other legal or procedural deficiencies, then his decision must be affirmed. The Supreme Court has defined "substantial evidence" to connote "more than a mere scintilla[;] [i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence supports a finding of the Secretary, the court must not look at the supporting evidence in isolation, but must view it in light of other evidence in the record that might detract from such a finding, including any contradictory evidence and evidence from which conflicting inferences may be drawn." Rivera v. Sullivan, 771 F. Supp. 1339, 1351 (S.D.N.Y. 1991). Finally, "[t]he burden of proving disability is on the claimant." Mimms v. Heckler, 750 F.2d 180, 185 (2d Cir. 1984).

*Disability Determinations*

In order to qualify for disability insurance, a claimant must be deemed "disabled" as the term is defined in 42 U.S.C. §§ 423(d)(1)(A), 1382c (1996).

A person is "disabled" when:

> he is unable to engage in <u>any substantial gainful activity</u> by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C.A. §§ 423(d)(1)(A); 1382c(a)(3)(A) (1997) (emphasis added). A "physical or mental impairment" consists of "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic technique." 42 U.S.C.A. §§ 423(d)(3); 1382c(a)(3)(D). Nonetheless,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that <u>he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work</u> which exists in the national economy.

42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B) (emphasis added). The Commissioner determines whether a claimant meets the statutory definition of "disabled" in five, successive steps. <u>See</u> 20 C.F.R. § 416.920 (1996); <u>Berry v. Schweiker</u>, 675 F.2d 464, 467 (2d Cir. 1982). These steps analyze whether Plaintiff is currently working, suffering from an impairment automatically deemed "severe;" capable of returning to a prior trade and/or capable of obtaining employment in other fields. <u>See</u> 20 C.F.R. § 416.920.

In this case, Plaintiff argues that, in determining that her impairments do not preclude her from performing a sedentary job, the ALJ ignored evidence that her

treating physicians found her to be totally disabled. Because Plaintiff makes this argument in a wholly conclusory manner, her contentions need not detain us long.

In support of her motion for judgment on the pleadings, Plaintiff cites three assessments made by the following treating physicians that she claims were not given due weight: Dr. Violet Abemayor, Dr. Eric Roth, and Dr. Ian Ausubel. While Plaintiff is correct that "an ALJ must give controlling weight to a treating physician's opinion on the nature and severity of the claimant's impairment" her claim ultimately fails because this rule applies only "when the opinion is well-supported by medical findings and not inconsistent with other substantial evidence." Martin v. Astrue, 337 Fed. Appx. 87, 89 (2d Cir. 2009). In this case, the treating physicians' opinions were not adequately supported by the record.

Dr. Abemayor reported that Plaintiff is capable of sitting for "a few hours" continuously, and is capable of occasionally lifting 0-5 pounds, occasionally carrying 0-5 pounds, and occasionally bending, squatting, climbing, and reaching. While Dr. Abemayor indicated that Plaintiff could not physically travel on a daily basis, she failed to explain the basis for this conclusion in the space provided. Moreover, Abemayor qualified her opinions by adding: "I am an internist + I feel [*sic*] need further eval. by neurosurgeon, neurologist[,] rhematologist in determination [*sic*] of her disability." (Tr. 517.)

Turning to Dr. Roth, his findings were inconsistent with the ALJ's in two categories. Dr. Roth indicated Plaintiff could sit "less than 6 hours" per day while the ALJ found her capable of sitting for up to 6 hours per day. Given that sedentary work involves 6 hours of sitting with intermittent breaks, the Court does not consider this discrepancy to be significant in light of all of the evidence considered by the ALJ. See Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) ("While the opinions of a treating physician deserve special respect. . .they need not be given controlling weight where they are contradicted by other substantial evidence in the record.").

Additionally, Dr. Roth determined that Plaintiff can push or pull less than 2 hours per day while the ALJ determined that she could do so unlimitedly. Again, the ALJ found Dr. Roth's conclusions to be contrary to the bulk of findings. Specifically, the ALJ found that, during testing of the strength in her extremities, Plaintiff exhibited "give way weakness" as early as June 1998, meaning rather than applying actual resistance, she merely gives way with no effort – a factor that also speaks to her credibility. Moreover, the ALJ determined that Dr. Roth's findings were not only against the weight of the evidence, but were at odds with all others considered, including the fact that all evaluators except Roth found right-sided symptoms, while Roth found left-sided symptoms. See 20 C.F.R. § 416.927(d) (permitting the ALJ to apply weight to opinions more consistent with the record as a whole).

Finally, Plaintiff asks that Dr. Ian Ausubel's assessment that she cannot perform the full range of sedentary work be given controlling weight. However, the ALJ declined to do so, citing the fact that Dr. Ausubel's evaluation came some five years after Plaintiff's insured status expired, and followed intervening injuries possibly connected to a slip-and-fall Plaintiff suffered in 2004. Moreover, Dr. Ausubel's conclusions were based entirely on Plaintiff's subjective complaints of pain, which the ALJ earlier determined to be not entirely credible. See, e.g., 20 C.F.R. § 404.1528 (claimant's "statements alone are not enough to establish that there is a physical or mental impairment."); see also Punch v. Barnhart, 2002 WL 1033543, at *11 (S.D.N.Y. May 21, 2002) (noting that plaintiff's most recent physician's "chart notes . . .do not show much other than subjective complaints," and crediting ALJ's for taking "all diagnostic tests" into account). Though Plaintiff testified that she is unable to work due to pain, it is within the ALJ's discretion "to evaluate Plaintiff's credibility and to determine, in light of the evidence in the record, the true extent of any pain alleged by Plaintiff." Rosado, 868 F. Supp. at 471, 473 (E.D.N.Y. 1994). For these reasons, her arguments are not persuasive.

## CONCLUSION

The Commissioner's motion for judgment on the pleadings is GRANTED. Plaintiff's cross-motion for judgment on the pleadings is DENIED. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: March 20, 2012  _____/s_____
Brooklyn, NY  Sterling Johnson, Jr., U.S.D.J.